# EXHIBIT A

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO.: _____

RADIATION SHIELD TECHNOLOGIES,
INC.

     Plaintiff,

v.

NATS, INC., and SYED RIZWAN
MASWOOD

     Defendants.

_____/

## COMPLAINT

Plaintiff, Radiation Shield Technologies, Inc., ("RST"), by and through undersigned counsel, hereby files this Complaint against Defendants, Nats, Inc., ("NATS") and Syed Rizwan Maswood ("Maswood"; and together with NATS, collectively, the "Defendants") and as grounds therefore alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff RST is a corporation organized under the laws of Delaware, with its principal place of business located at 2801 SW 3rd Ave, Miami, FL 33129.

2.    Defendant Maswood is an individual over eighteen (18) years of age residing in the State of Connecticut and is otherwise *sui juris*.

3.    Defendant NATS is a Connecticut corporation with its principal place of business in 515 CenterPoint Dr, 108, Middletown, CT, 06457-7570.

4.    Defendants are subject to the personal jurisdiction of this Court because they have "engaged in substantial and not isolated activity within this state . . . whether or not the claim arises from that activity." Fla. Stat. § 48.193(2).

5.      Defendants engaged in negotiations with RST, a Florida-based company, beginning in November 2019. On or about November 27, 2019, NATS contracted with RST. NATS signed a purchase order for 1500 hazmat suits valued at around $1,000,000. In December 2019 and January 2020 NATS made payments totaling approximately $330,277.50 pursuant to its contractual obligations. NATS proceeded to communicate via email with RST throughout 2020. On October 21, 2020, after refusing a partial shipment of the hazmat suits, NATS terminated the agreement. NATS has engaged in substantial activity within the state of Florida which subjects it to the personal jurisdiction of this Court.

6.      Venue is proper in Miami-Dade County because nonresidents "over whom personal jurisdiction can be obtained consistent with constitutional considerations can, at a plaintiff's election, be sued in any county in this state . . . ." *Holton v. Prosperity Bank of St. Augustine*, 602 So. 2d 659, 662 n.2 (Fla. 5th DCA 1992).

7.      This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorneys' fees.

8.      All conditions precedent to the institution and maintenance of this action have been performed, excused, waived, or have otherwise occurred.

## GENERAL ALLEGATIONS

9.      RST is the world leader in the research, design, and production of personal protection systems for ionizing and nuclear radiation. The company's core technology, Demron™, is specifically engineered to combine radiation protection with ease of use to maximize effective radiological defense.

10.      In layman's terms, RST has developed a revolutionary fabric (Demron) that it uses to create suits that protect its users from harm caused by radiation exposure.

2

11. Demron is a patented, and ISO-16604 certified nanotechnology that uses molecular engineering techniques to provide radiation protection that has only ever been achieved with heavy metals such as lead.

12. Dr. Ronald DeMeo ("DeMeo") is the chief executive officer (CEO) and founder of RST. He is also the inventor of the groundbreaking Demron material.

13. Dan Edwards ("Edward") is the former Director of Sales & Business Development for RST.

14. Michael Roumi ("Roumi") is the CEO of Trilogy Systems Holdings ("Trilogy") a distributor with twenty years of experience working in the Middle East with expertise in suit manufacturing.

15. On or about April 6, 2021, RST was approached by Abdullah AlSuwayed ("AlSuwayed"), the CEO of Alramly Trading Company ("Alramly"). Alramly, among other things, is a distributor of military and medical supplies with direct ties to the Government of Saudi Arabia. Alramly presented RST with a tender—a formal offer to bid—for 250 chemical, biological, radiological and nuclear suits ("CBRN Suits"). RST's suits did not conform with the specifications required by Alramly, so they turned down the bid request. However, Mr. Edwards proceeded to refer Alramly to Mr. Roumi who had extensive experience procuring hazmat suits in the Middle East. This was the genesis of the relationship between RST and Alramly.

16. Five months later, on or about September 13, 2021, Mr. Roumi was approached by Alramly who had a client—the General Directorate of Saudi Civil Defense ("Saudi Civil Defense")—that was interested in purchasing 500 suits from RST. The 500 suits were meant to kick off a direct relationship with the Saudi Civil Defense with promises of future orders to follow.

[1] Part of this process to secure tender for the suits required RST to exhibit the suits to the end buyers.

17.     Alramly exhibited RST's products at the World Defense Show held March 6-9, 2022, in Riyadh, Saudi Arabia. The World Defense Show is a showcase hosted by Saudi Arabia's General Authority for Military Industries, where vendors can place their products in front of decision-makers with immense buying power.

18.     On March 15, 2022, RST and Alramly executed a Commercial Agency Agreement (the "Agreement"). *See* Exhibit A. The Agreement had an initial term of two years—2022-2024. Alramly was under the obligation to "promote[] the products and find[] suitable storage, and after sales service." *Id.*

19.     During this show, the Ministry of Interior, Directorate of Saudi Civil Defense expressed an interest in purchasing 500 CBRN Suits from RST. RST's suits conformed to the Saudi Civil Defense's specifications completely. Each suit would have produced a net profit of $750.00—a total of $375,000 for the first order.

20.     RST had the suits immediately available and ready for shipment.

---

[1] It is important to note that NATS is intimately familiar with the Saudi Civil Defense. Saudi Civil Defense is the end client at the center of the ongoing litigation between NATS and RST in the District Court of Connecticut. *See NATS, INC., v. Radiation Shield Technologies, Inc.*, Case No. 3:21-CV-00430-AWT. RST communicated with NATS before pursuing a business relationship with Saudi Civil Defense. NATS acknowledged and allowed RST to pursue this relationship to sell the 1500 suits at the heart of the litigation in the *NATS* case. *Id.*

21.     In March, RST had a contract with Alramly for marketing and distribution of its products in the Kingdom of Saudi Arabia and the beginning of an agreement with Saudi Civil Defense to tender 500 suits—valued at $375,000—with the promise of future orders to come.

22.     Had Defendants not tortiously interfered, RST would have effectuated a purchase contract for readily available goods, netting it $375,000. RST would have also continued its business relationship with the Saudi Civil Defense who had expressed an interest in ordering a total of 5000 suits—$3,750,000.

23.     On March 28, 2022, less than twenty days after the World Defense Show, Mr. Maswood sent Alramly an email. *See* Exhibit B.

24.     The email is titled "Seeking information Pertinent to Fraud Allegations in US Court about RST-Florida-Resending." *Id.*

25.     In it, Defendants make numerous baseless accusations that question the integrity of RST and Mr. DeMeo.

26.     Most concerning is Defendants indication that the Plaintiff is under investigation by "[l]aw enforcement." *Id.* This claim is patently false. There has not been nor is there currently a criminal investigation into RST. Claims by the Defendant suggesting otherwise are thus malicious in nature and untrue.

27.     Defendants claim that in addition to their case, there is another "fraud case" that involves "[a]nother victim" and "non-delivery." *Id.* They claim, without any foundation, that the "goods promised were never delivered after **making several false statements** . . ." *Id.* (emphasis added). The case that Plaintiffs allude to (the "Dismissed Case") was voluntarily dismissed with prejudice by the plaintiff, Riguang Equipment, LLC. *See* Voluntary Dismissal, *Riguang Equipment, LLC, v. Radiation Shield Technologies, Inc.*, No. 2019-023487-CA-01 (Fla. 11th Cir.

Ct. Aug. 8, 2021). Plaintiffs have premised their slanderous statements upon a case that was dismissed with prejudice without adjudicating the issue of "false statement." It is paradoxical at best that Defendants have accused RST of making false statements by relying on a Dismissed Case to make baseless and false representations. These false statements have led to the interruption of RST's business contract with Alramly. By extension, the 500-suit order with the Saudi Civil Defense has also been interrupted along with the possibility of the 4500 suits to follow.

28.     Defendants' email claims that "RST only shows a PO Box as its address which is very abnormal in the USA for manufacturing company." *See* Exhibit B. The Defendants use this statement to erode Alramly's confidence in RST. However, the Defendants are in no position to make claims as to what is normal or abnormal for a suit manufacturer. Furthermore, it was explained in several communications to Defendants that there was a time when RST had to move its manufacturing location to a different facility. Thus, RST used a PO Box to ensure that mail from its customers would never be lost. Defendants were aware of this information, yet they ignored it and attempted to contort an innocuous fact into a showing of fraud and bad faith leading to millions in dollars of lost business.

29.     Defendants also claim that RST promised goods to them that were never delivered. *Id.* Defendants fail to mention that RST made a partial delivery to NATS that was rejected. Accordingly, not only was this statement malicious, but also false.

30.     Finally, the Defendants admit that the "main perpetrator of the [f]raud" was "Mr. Daniel Edwards." *Id.* They go on to inform Alramly that Mr. Edwards filed papers with the court informing it that he no longer was with RST. Defendants received this court filing given that they are a party to the case they referenced in the email. Despite having knowledge that the "main perpetrator of the [f]raud" was no longer with RST they still went forward and maliciously

attempted to destroy RST's business contracts and relationships. *Id.* Defendants condemned RST for the actions of an employee that no longer worked there.

31.     As a result of Defendant's deprecation of RST, Alramly ceased its business relationship with RST. Defendant's interference with the Agreement cost RST two years of marketing and distribution efforts from one of the largest distributors of medical and military supplies with direct ties to the Kingdom of Saudi Arabia. The tortious interference also cost RST its business relationship with the Saudi Civil Defense. The 500-suit order was never consummated costing RST $375,000. The promise of a future order for 4500-suits also never occurred costing RST an additional $3,375,000.

32.     As it stands, RST has not only suffered actual and expected damages, but also reputational damages. RST has lost out on a direct connection to one of the largest purchasers of radiation protection suits—the Kingdom of Saudi Arabia.

## COUNT I
## TORTIOUS INTERFERENCE WITH A CONTRACT – MASWOOD & NATS

RST re-alleges and incorporates paragraphs 1-31 of this Complaint as though fully set forth herein.

33.     On or about April 6, 2021, RST and Alramly commenced a business relationship whereby Alramly expressed an interest in marketing and distributing RST's products in Saudi Arabia.

34.     On March 6-9, Alramly attended the World Defense Show in Riyadh, Saudi Arabia. During the show Alramly promoted RST's products.

35.     On March 15, 2022, RST and Alramly entered into an exclusive distribution agreement for the Kingdom of Saudi Arabia.

36.     Alramly was pursuing a contract with the Saudi Civil Defense to purchase the suits that NATS had refused to receive.

37.     Defendants were aware of this relationship. DeMeo had previously reached out to Defendants to ask permission to market the suits they had refused to accept.

38.     Defendants intentionally and without justification emailed Alramly with the sole intention of harming RST's reputation. As a result, Alramly terminated its contract with RST.

39.     This termination cost RST approximately $3,500,000 in current and future orders. It also cost RST two years of marketing and distribution efforts from one of the largest distributors—Alramly—with direct ties to the Government of Saudi Arabia.

WHEREFORE, RST respectfully requests that the Court enter judgment in its favor and against Defendants, (i) awarding RST compensatory damages; (ii) awarding RST the costs of this action; and (iii) granting such other and further relief the Court deems just and proper.

## COUNT II
## TORTIOUS INTERFERENCE WITH AN ADVANTEGOUS BUSINESS RELATIONSHIP– MASWOOD & NATS

RST re-alleges and incorporates paragraphs 1-31 of this Complaint as though fully set forth herein.

40.     On or about September 13, 2021, the Saudi Civil Defense expressed an interest in purchasing 500 suits from RST. The Kingdom of Saudi Arabia is one of the largest purchasers of radiation protection suits in the world.

41.     Due to their interest, on March 6-9, Alramly exhibited RST's products at the World Defense Show hosted in Riyadh, Saudi Arabia. The Saudi Civil Defense's interest in the suits intensified and they agree to continue negotiations with the possibility of purchasing a total of 5000 suits.

42.     Defendants intentionally and without justification emailed Alramly with the sole intention of harming RST's reputation. As a result, Alramly terminated its business relationship with RST. By extension, the contract negotiations with the Saudi Civil Defense fell apart.

43.     This termination cost RST approximately $3,500,000 in current and future orders. In addition, RST suffered reputational damages. RST has been unsuccessful in selling its hazmat suits in the Kingdom of Saudi Arabia since NATS and Maswood's attack.

WHEREFORE, RST respectfully requests that the Court enter judgment in its favor and against Defendants, (i) awarding RST compensatory damages; (ii) awarding RST the costs of this action; and (iii) granting such other and further relief the Court deems just and proper.

## COUNT III
## DEFAMATION – MASWOOD & NATS

RST re-alleges and incorporates paragraphs 1-30 of this Complaint as though fully set forth herein.

44.     On March 28, 2022, Defendants sent an email to Alramly disparaging RST. *See* Exhibit B.

45.     The email made several unsubstantiated claims regarding two lawsuits. One filed by Defendants and another lawsuit in which Defendants are not involved. The claims made in the email are baseless and malicious in nature.

46.     For example, Defendants seek to attack RST's reputation by alluding to purported "false statements" RST made to a third party. Presumably, the ground for this malicious statement is a lawsuit filed by an unrelated third party. First, the Defendants have no personal knowledge of the facts of that lawsuit. Second, and more importantly, the ultimate issue of whether false statements were made was never decided—the case with voluntarily dismissed with prejudice.

47.    In another example, they claim that RST took an advance of $335,000 from NATS and they failed to deliver "anything." *See id.* Again, this is demonstrably false. RST made a partial delivery that was rejected by NATS.

48.    Defendants acted with the knowledge that their actions would cause RST to lose Alramly's distribution agreement and its relationship with the Saudi Civil Defense.

49.    Defendants also knew that making defamatory statements against RST would irreparably harm its reputation in the region.

WHEREFORE, RST respectfully requests that the Court enter judgment in its favor and against Defendants, (i) awarding RST compensatory damages; (ii) awarding RST the costs of this action; and (iii) granting such other and further relief the Court deems just and proper.

Dated: October 10, 2022

Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
*Counsel for Plaintiff*
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida 33134
Tel: (305) 372-1800
Fax: (305) 372-3508

By: ____*Javier A. Lopez, Esq.*_____
          Javier A. Lopez, Esq.
          Florida Bar No.
          jal@kttlaw.com
          Facundo M. Scialpi, Esq.
          Florida Bar. No. 1030791
          fscialpi@kttlaw.com

10

# EXHIBIT

## "A"

اتفاقية وكالة تجارية

# Commercial Agency Agreement

This agreement is made on 15/3/2022 between:

Radiation Shield Technologies Inc. company organized under the laws of USA having its HQ address is 445 W 26 St Hialeah FL, USA CR( (F02000002613), represented herein by Mr. RONALD FREEMAN DEMEO. Nationality...American

**(First Party)**

AlRamly Military Supplies Company a Saudi Firm. Having its address at 6550 King Abdullah Rd. Riyadh Saudi Arabia, CR. No 1010615491, represented by its CEO Mr. Abdullah Ahmed AlSuwayed, Saudi National hereinafter called the **second party (commercial Agent).**

**Preamble:**

Whereas the parties have common interests, and the willing to define each parties interest and dues. Whereas the first party has services / products that wants to promote through a commercial agent.

Whereas the second party willingness to perform the duties of a commercial agent to promote and make deals for a fee or a commission. The parties agree to the following:

| | |
|---|---|
| 1 | **Preamble:** The above preamble shall be considered an integral part of this agreement. |
| 2 | Parties agree that the second party will promote and negotiate deals and execute them in relation to the services or products in this agreement |
| 3 | Services / products covered by the agency Agreement: 1. CBRN Protective Suits 2. Radiation Protection Suit 3. HAZMAT Protection Suits..... 4. Antiviral, First Responders protection suits for SARS, Coronavirus. |

إنه في يوم ١٥/٣/٢٠٢٢م  تم الاتفاق بين كل من:

-راديشن شيلد تيكنولجي ،شركة منظمة وفقاً لقوانين الولايات المتحدة الأمريكية وعنوان مركزها الرئيس في هيالية فلوريدا ، الولايات المتحدة الأمريكية سجل تجاري F02000002613 ويمثلها في هذا العقد السيد/ رونالد فريمان ديمو وجنسيته .أمريكي**(طرف أول).**

شركة الرملي للمستلزمات العسكرية شركة منظمة وفقاً لقوانين المملكة العربية السعودية وعنوان مركزها الرئيس في ٦٥٥٠ طريق الملك عبدالله الرياض المملكة العربية السعودية، سجل تجاري ١٠١٠٦١٥٤٩١ ويمثلها في هذا العقد الرئيس التنفيذي السيد/ عبدالله بن احمد السويد سعودي الجنسية **طرف ثاني (وكيل تجاري)**

**تمهيد:**

بناء على رغبة الطرفين في إيجاد علاقة فيما بينهما لخدمة مصالحهما المشتركة وتحديد حقوق والتزامات كل طرف تجاه الاخر ولماكان لدى الطرف الأول منتجات او خدمات يود ترويجها / عن طريق وكيل تجاري.

وبناء على رغبة الطرف الثاني القيام بعول الوكيل التجاري عن الطرف الأول ليتولى الحض والتفاوض على ابرام الصفقات وتنفيذها مقابل أجر أو عمولة فقد تم الاتفاق بين الطرفين على ما يلي:

| | |
|---|---|
| ١ | **التمهيد:** يعتبر التمهيد اعلاه جزء لا يتجزأ من هذا العقد. |
| ٢ | اتفق الطرفان على ان يقوم الطرف الثاني بصفته ان يكون وكيلا تجاريا بالحض والتفاوض على ابرام الصفقات وتنفيذها بشأن المنتجات او الخدمات موضوع العقد. |
| ٣ | الخدمات / المنتجات المشمولة بعقد الوكالة: ١. بدلات واقية من المواد الكيميائية والبيولوجية والإشعاعية والنووية. ٢. بدلة الحماية من الإشعاع. ٣. بدلات الحماية من المواد الخطرة. ٤. المستجيب الأول بدلات حماية لمرض السارس وفيروس كورونا(مضاد للفيروسات (. |

| # | English | Arabic | # |
|---|---------|--------|---|
| 4 | **Geographical coverage**<br>Kingdom of Saudi Arabia | النطاق المكاني<br>المملكة العربية السعودية | ٤ |
| 5 | **Term of Agreement:**<br>The initial term of this agreement is 2 years, start from 2022 to 2024 this term may renew, upon mutual agreement of both parties. | مدة الاتفاق:<br>الفترة الأولية لهذا الاتفاق ٢ سنوات تبدأ من ٢٠٢٢ وتنتهي في ٢٠٢٤ قابلة للتجديد باتفاق الطرفين. | ٥ |
| 6 | The parties implement the contract in accordance with its provisions and in accordance with the rules of commercial norm and in a manner appropriate for what it requires in good faith, commitment is one of the requirements of the contract according to the commercial transaction. | يقوم الطرفان بتنفيذ العقد طبقا لأحكامه وبما يتفق مع قواعد العرف التجاري وبطريقة تلائم ما يتطلبه حسن النية، الالتزام يعتبر من مستلزمات العقد طبقا للتعامل التجاري. | ٦ |
| 7 | First party shall guaranty the quality of its produces to match the standards in the Kingdom of Saudi Arabia. The second party is not committed to distribute any products that don't comply with the standards. Also, shall comply with providing maintenance and spare parts with reasonable price when asked for by the second party and according to second party request for the entire term of this agency and 1 year after it terminates or appointing another agent which comes first | يلتزم الطرف الاول بضمان جودة المنتجات بضمان توافقها مع المعايير القياسية المعتمدة في المملكة العربية السعودية، ولا يلتزم الطرف الثاني باستلام أو أن يكون مسئولا عن توزيع أي منتجات لا تتوافق مع المعايير. كما ويلتزم بتامين الصيانة وقطع الغيار بأسعار معقولة وقت طلبها من قبل الطرف الثاني ووفقا للكميات والمواعيد التي يحددها الطرف الثاني وذلك طول مدة الوكالة ولمدة سنة تالية لتاريخ انتهاء الوكالة او لتاريخ تعيين موزع اخر ايهما سبق. | ٧ |
| | Second party guaranties the quality of the products and that it is within the approved standards in the Kingdom, and if the authorities finds out any defects to the standards, the products will be returned to the first party on its expense. | يضمن الطرف الثاني جودة المنتجات والمواد محل العقد ومطابقتها للمواصفات القياسية المعتمدة في المملكة، واذا ثبت لدى الجهات المعنية وجود مخالفات للمواصفات فيتم ارجاع البضاعة الى الطرف الأول على نفقته. | ٨ |
| 9 | second party Preform all the required work that relates to the agreement from promoting the products and finding suitable storage, and after sales service. | يقوم الطرف الثاني بأداء كل الاعمال التي يتطلبها تنفيذ العقد من حيث التعريف بالمنتجات والترويج لها وإيجاد أماكن تخزين مناسبة لها. وتقديم خدمات ما بعد البيع | ٩ |
| 10 | Second party deserves a commission that is agreed upon on a case by case bases | يستحق الطرف الثاني عمولة يتفق عليها في وقتها لكل مشروع على حدة. | ١٠ |
| | First party commits to suppling second party with required marketing materials. | يلتزم الطرف الاول بتزويد الطرف الثاني بمواد الدعاية. | ١١ |
| 7 | **correspondence language:**<br>The language of correspondence between two parties is the English language. | لغة المراسلات:<br>لغة المراسلات بين طرفا هذا الاتفاق اللغة الانجليزية. | ١٢ |
| 9 | **termination of the agreement:** | إنهاء الاتفاق: | ١٣ |

9.1 any party may terminate the agreement by giving a prior written notice at least three months before the expiry of the original or renewed duration.

9.2 The second party may promptly terminate this agreement by a notice to the first party if the first party ceases to supply the services, which is the subject of this agreement, for period of time that would diversely affect the second party and promoting the services into the agreement area.

9.3 This agreement may terminate at any time upon the mutual consent of the both parties.

10 **FORCE MAJEURE:**
No party in this agreement shall be liable for any delay, failure of performance or any violation in general of the provisions of this agreement, due to a direct cause of force majeure, or sudden accident.

12 **applicable law:**
This agreement shall be governed by Saudi laws and regulations.

13 **settlement of disputes:**
Any dispute between the parties arising out of the interpretation or implementation of any clause or attachment to this agreement, shall be first settled amicably between the parties within sixty days of one party notifying the other by the dispute, otherwise, if the amicable efforts failed then the dispute should settled by the arbitration according to United Kingdom law.

**First party:**
**Name: RONALD FREEMAN DEMEO**
**Title: CEO**
**Signature:**
**the second party:**
**Name: Abdullah A ALSuwayed**
**Title: CEO**
**Signature:**

١٣,١ يجوز لأي من الطرفين إنهاء هذا الاتفاق وذلك بإعطاء الطرف الآخر إخطار مكتوب قبل ثلاثة أشهر على الأقل قبل تاريخ انتهاء الفترة الأولى الأصلية لهذا الاتفاق أو انتهاء أي فترة من فترات التجديد.

١٣,٢ يجوز للطرف الثاني إنهاء الاتفاق بشكل فوري بإخطار الطرف الأول وذلك إذا توقف الطرف الأول عن تزويد الطرف الثاني بالمنتجات موضوع هذا الاتفاق لمدة زمنية كافية للتأثير سلبا على الطرف الثاني وعلى رواج المنتجات في الأسواق المحلية بمنطقة الاتفاق.

١٣,٣ يجوز انهاء هذا الاتفاق في أي وقت باتفاق تراضي الطرفين

١٤ **القوة القاهرة:**
لا يكون أي من الطرفين مسئولا تجاه الآخر عن أي إخلال أو تقصير أو أي مخالفة على وجه العموم لأحكام هذا الاتفاق، إذا حدث ذلك بسبب مباشر عن قوة قاهرة أو حادث مفاجئ.

١٥ **القانون الواجب التطبيق:**
هذا الاتفاق محكوم بالقوانين واللوائح السعودية.

١٦ **حل وتسوية النزاعات:**
أي نزاع ينشأ بين الطرفين بخصوص تفسير أو تطبيق أي بند من بنود هذا الاتفاق أو ما مرفق به من ملحقات، يجب حله أولا عن طريق الجهود الودية بين الطرفين في خلال فترة ستين يوم من إخطار أي من الطرفين للآخر بموضوع النزاع، وفي حالة فشل هذه الجهود الودية يجب حل النزاعات عن طريق التحكيم وفقا لقانون المملكة المتحدة.

**الطرف الأول:**
**الاسم: رونالد فريمان ديمو**
**الصفة: المدير التنفيذي**
**التوقيع:**

**الطرف الثاني:**
**الاسم :عبدالله السويد**
**الصفة: المدير التنفيذي**
**التوقيع:**

# EXHIBIT

# "B"

**Facundo M Scialpi**

| | |
|---|---|
| **From:** | Ronald DeMeo <rdemeo@radshield.com> |
| **Sent:** | Wednesday, September 14, 2022 5:00 PM |
| **To:** | Facundo M Scialpi |
| **Subject:** | [EXTERNAL MESSAGE] FW: Seeking information Pertinent to Fraud Allegations in US Court about RST- Florida-Resending |
| **Attachments:** | Dan Edwards of RST no longer with RST- Court Filing.pdf; Doc 001 - Complaint - 3.29.2021.pdf; Complaint by Other Victim.pdf; RST-Demron-Catalog-Dec-2020.pdf; Fraud History of RST- EXHIBIT A.pdf; City Clerk Comfirmation of No License Issued for the Address.pdf; ANAB Email on  fake ISO Cert in 2018-2020.pdf |

**This Message originated outside your organization.**

---

**From:** Michael Roumi <michael@trilogy-systems.net>
**Date:** Tuesday, March 29, 2022 at 8:45 AM
**To:** Ronald DeMeo <rdemeo@radshield.com>
**Cc:** Dan Edward <thedreconsultants@gmail.com>
**Subject:** Fwd: Seeking information Pertinent to Fraud Allegations in US Court about RST- Florida-Resending

Dear Dr D and Dan,
Abdullah sent me this email below which is very disturbing indeed knowing that it's all
false accusations. They had no right to contact Abdullah and smear our name the way they did.
We need to issue an injunction (or a restraining order) to prevent them from contacting our distributors with a defamation statement
which can lead to the loss of business. I strongly recommend a counter suit with the heaviest punitive damages
to make sure they stay clear from our future business.
Please let me know your course of action
Thanks
Michael

Begin forwarded message:

> **From:** "Abdullah A. ALSuwayed" <a.alsuwayed@alramly.com>
> **Date:** March 29, 2022 at 03:24:16 EDT
> **To:** Michael Roumi <michael@trilogy-systems.net>
> **Subject:** FW: Seeking information Pertinent to Fraud Allegations in US Court about RST- Florida-Resending
>
> Dear Michele ,
>
> I have received this , can you please elaborate
>
> Best Regards

1



**Abdullah A. AlSuwayed**
Chief Executive Officer

Email: a.alsuwayed@alramly.com
Mobile: +966 50 556 4444
Tel : +966 11 419 7282 Ext. 4442 or 4444
Fax : +966 11 461 0413

King Abdullah Rd, Al Mursalat, 6550, Riyadh
www.alramly.com

## Join us on the global sta
## for defense interoperabi

The contents of this email, including all related responses, files and attachments transmitted with it (collectively referred to as "this Email"), are intended solely for the use of the individual/entity to whom/which they are addressed, and may contain confidential and/or legally privileged information. This Email may not be disclosed or forwarded to anyone else without authorization from the originator of this Email. If you have received this Email in error, please notify the sender immediately and delete all copies from your system. Please note that the views or opinions presented in this Email are those of the author and may not necessarily represent those of AlRamly. The recipient should check this Email and any attachments for the presence of any viruses. AlRamly accepts no liability for any damage caused by any virus/error transmitted by this Email.
∏ Please consider the environment before printing this e-mail

**From:** Syed R. Maswood <SMaswood@nats-usa.com>
**Sent:** Monday, March 28, 2022 5:26 PM
**To:** a.alsuwayed@alramly.com; info@alramly.com; A.alsuwayed@alramly.com;
a.alsuwayed@alramly.com

**Cc:** naji@techflow.com.sa; Jazi Al-Mokhlef <jazi@techflow.com.sa>
**Subject:** Seeking information Pertinent to Fraud Allegations in US Court about RST- Florida-Resending

Abdullah A. Alsawayed
CEO
AlRamly
6550 King Abdullah Rd., Riyadh
Saudi Arabia


RE:  Radiation Shielding Technology (RST)


Dear Mr. Alsawayed:

We are contacting you on behalf of our Customer and US Court seeking Information on your display of Radiation Shielding Technology (RST) Products in Riyadh in an defense exhibition. The matter pertains to Fraud complaint filed in US Federal Court by NATS Incorporated and earlier by another Victim in Miami Florida. Public documents fled with US court are attached. I am allowed only to share with you public documents and those found on the public domain only.  Rest of the matter for Law enforcement is not attached here.

The matter pertains to a fraud case that involved:

- Taking an advanced of $335,000.00 from NATS with promise of delivery of HAZMAT suits for Saudi Civil Defense and non-delivery of anything
- Taking an advance of another $200,000.00 from Another Victim and  non-delivery

In both cases the goods promised were never delivered after making several false statements to US/Tech Flow and Saudi Civil Defense.

In addition:

- We have been advised by ANAB (American Accreditation Board of ANSII-American National Standards) that certain claims of ISO certification made on submitted documents to Saudi Civil  Defense 2019/2019/2020 are were also fraudulent
- We have been unable to locate any US manufacturing location of RST in State of Florida where it claimed it made such products.  Recent revelation of a location in Hialeah Florida on RST web site, publicized after the filing of

our fraud allegations were refused by the City as an unlicensed warehouse for furniture. I have attached the City Clerk Letter. **RST only shows a PO Box as its address which is very abnormal in the USA for a manufacturing company**.

- The earlier Victim revealed in Court filing that RST operated from a Doctor's office (Botox clinic) as confirmed by the Instagram post of its owner.
- And in 2020 in submission to US Government RST claimed it was a Doctor's Office with 2 employees only. See PPP Loan application information.

We are seeking your assistance to request your help on a specific information.  This is light of a Court document filed that the main perpetrator of the Fraud a Mr. Daniel Edwards is no longer with the company. Can you verify who are the parties involved with RST .

We respectfully seek your cooperation to save  other victims from such fraud and to confirm if indeed  have had any recent correspondence with the same Dan Edwards of RST who supposedly  is no longer with RST.  Earlier the same person represented himself as the Sales and Business Development Director (employee) of RST while under Court cross examination confessed he was a "Contactor" for RST.  Following this claim of February 8, 2022 the attached document was filed in which RST advised US Federal Court that Dan Edwards is not a Contactor either.

Can you assist us with any information pertained to this case?

Thank you for your assistance.

Sincerely,

Syed R. Maswood
*Syed R. Maswood*
**NATS Incorporated**
**515 Centerpoint Drive**
**Middletown, CT 06457**
**U.S.A.**
**www.nats-usa.com**
☎ mobile: **+1-860-834-8012**
☎ office: **+1-860-635-6820 Ext 113**
☎ fax:      **+1-860-635-4962**
☎ skype:  **syedmaswood**
✉ e-mail: smaswood@nats-usa.com





*Innovative Solutions in Radiation Detection & Analysis*
*Your Single Stop for All Radiation Detection Solution*

THE INFORMATION IN THIS TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL AND INTENDED ONLY FOR THE RECIPIENT LISTED ABOVE. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY E-MAIL AND DELETE THE ORIGINAL MESSAGE. THE CONTENT OF THIS COMMUNICATION MAY BE PROTECTED BY US EXPORT CONTROL LAWS. UNAUTHORIZED USE OR DISSEMINATION IS AGAINST THE LAW.



*Third*, NATS uncovered data reported by ProPublica from the United States Small

Business Administration regarding applications for Paycheck Protection Program ("PPP") loans

and status. (Exhibit [___].) The reporting reveals loans to various entities run by DeMeo (such as

those listed in paragraph 18 of the Complaint). The data shows the following information,

among other things, about these entities and loans:

| Company Name | Number of Employees | Loan | Lender | Industry |
|---|---|---|---|---|
| Radiation Shield Technologies, Inc. (Miami, FL) | 2 | $6,800 | United Community Bank | Offices of Physicians (except Mental Health Specialists) |
| Meridian Pain & Diagnostics, Inc. (Miami, FL) | 22 | $148,839 | United Community Bank | Offices of Physicians (except Mental Health Specialists) |
| Meridian Pain & Diagnostics Inc. (Coral Gables, FL) | 11 | $150,747 | Northeast Bank | Offices of Other Holding Companies |

6

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>RADIATION SHIELD TECHNOLOGIES, INC.</u>
 Plaintiff                                                                              Case # _____
                                                                                            Judge _____

vs.
<u>NATS, INC., Syed R. Maswood</u>
 Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
        ☐ Business governance
        ☐ Business torts
        ☐ Environmental/Toxic tort
        ☐ Third party indemnification
        ☐ Construction defect
        ☐ Mass tort
        ☐ Negligent security
        ☐ Nursing home negligence
        ☐ Premises liability—commercial
        ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
        ☐ Commercial foreclosure
        ☐ Homestead residential foreclosure
        ☐ Non-homestead residential foreclosure
        ☐ Other real property actions

☐Professional malpractice
        ☐ Malpractice—business
        ☐ Malpractice—medical
        ☐ Malpractice—other professional
☐ Other
        ☐ Antitrust/Trade regulation
        ☐ Business transactions
        ☐ Constitutional challenge—statute or ordinance
        ☐ Constitutional challenge—proposed amendment
        ☐ Corporate trusts
        ☐ Discrimination—employment or other
        ☐ Insurance claims
        ☐ Intellectual property
        ☐ Libel/Slander
        ☐ Shareholder derivative action
        ☐ Securities litigation
        ☐ Trade secrets
        ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.      REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.      NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   3

**VI.      IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.      HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.      IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

**IX.      DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Javier A. Lopez Esq.       Fla. Bar # 16727
        Attorney or party          (Bar # if attorney)

Javier A. Lopez Esq.        10/10/2022
  (type or print name)        Date

- 3 -

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO:   2022-019442-CA-01

RADIATION SHIELD TECHNOLOGIES,
INC.

      Plaintiff,

v.

NATS, INC., and SYED RIZWAN
MASWOOD

      Defendants.

_____/

**TO:**  **Syed Rizwan Maswood**
     116 OConnell Dr
     Berlin, CT 06037

       **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S

ATTORNEY:

          Javier A. Lopez, Esq.
          E-mail: jal@kttlaw.com
          KOZYAK TROPIN & THROCKMORTON LLP
          2525 Ponce de Leon Blvd., 9th Floor
          Coral Gables, Florida 33134
          Tel:   (305) 372-1800

an answer or other response to the Complaint, which is served upon you, within 20 days after
service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment
by default will be taken against you for the relief demanded in the Complaint.

_____    _____
CLERK OF COURT                      DATE

**RETURN OF SERVICE**

Service of the Summons and Complaint was made by me

**Summons**                                          **Page** 1

_____   _____
PRINT NAME & TITLE OF SERVER                       DATE

Check one box below to indicate appropriate method of service:

Served personally upon the defendant.  Place where served:

_____
_____


☐         Left copies thereof at the defendant's dwelling house or usual place of abode with a
person of suitable age and discretion then residing therein. Name and physical description of
person:

_____
_____


Returned unexecuted:

_____
_____


Other (specify):

_____
_____


**DECLARATION OF SERVER**


I declare under penalty of perjury under the laws of the United States of America that the
foregoing information contained in the Return of Service and Statement of Service Fees is true
and correct.


Executed on _____, 2022        _____
                      Date                                        Signature of Server

                                              _____
                                                       Address of Server

<u>IMPORTANT</u>

A lawsuit has been filed against you.  You have twenty (20) calendar days after this summons is served upon you to file a written response to the attached Complaint in this Court. A phone call will not protect you.  Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.  If you do not file your response on time, you may lose the case, and you wages, money and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Diana Sobel, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

## <u>IMPORTANTE</u>

Usted ha sido demandado legalmente.  Tiene viente (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudeise perder el caso y podria ser despojado de sus ingresos y propiedades, o privade de sus dereschos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea puede usted consultar a un abogado imediatamente.  Si no conoce a un abogado, puede llamar a una de las officinas de asistencia legal que aparecen en la guia telefoncia.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandante o Abogado de Demandante).

Si usted es una persona con discapacidad que necesita algún tipo de adaptación para participar en este procedimiento, tiene derecho, sin costo alguno, a la prestación de cierta asistencia. Comuníquese con la Coordinadora de ADA, Diana Sobel, Salón 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 al menos 7 días antes de su comparecencia programada ante el tribunal, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia programada es inferior a 7 días;  Si tiene problemas de audición o de voz, llame al 711.

**<u>IMPORTANT</u>**

Des poursuites judiciaries ont ele entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposser une response ecite a la plainte cijointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, ave mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si cous ne deposez pas votre reponse ecrite dans le relai requis, vous resiquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent tere saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il a d' autres obligations juridiques et vous pouvez requerir les services immediates d'un avocat.  Si vous ne connaissez pas d'avocats, vou pourriez telephoner a un service de reference d'avocats ou a un brueau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme tempos que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocate) nomme ci-dessous.

Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter la coordinatrice ADA, Diana Sobel, bureau 20140, 201 S.E. Sixth Street, Fort Lauderdale, Floride 33301, 954-831-7721 au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou malentendant, appelez le 711.

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO:   2022-019442-CA-01

RADIATION SHIELD TECHNOLOGIES,
INC.

       Plaintiff,

v.

NATS, INC., and SYED RIZWAN
MASWOOD

       Defendants.

_____/

**TO:**   **Syed Rizwan Maswood**
     116 OConnell Dr
     Berlin, CT 06037

       **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S

ATTORNEY:

          Javier A. Lopez, Esq.
          E-mail: jal@kttlaw.com
          KOZYAK TROPIN & THROCKMORTON LLP
          2525 Ponce de Leon Blvd., 9th Floor
          Coral Gables, Florida 33134
          Tel:   (305) 372-1800

an answer or other response to the Complaint, which is served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.



_____        _____10/18/2022_____
CLERK OF COURT                      DATE

**RETURN OF SERVICE**

Service of the Summons and Complaint was made by me

**Summons**                                         **Page** 1

_____     _____
PRINT NAME & TITLE OF SERVER                          DATE

Check one box below to indicate appropriate method of service:

Served personally upon the defendant.  Place where served:

_____
_____

☐      Left copies thereof at the defendant's dwelling house or usual place of abode with a
person of suitable age and discretion then residing therein. Name and physical description of
person:

_____
_____

Returned unexecuted:

_____
_____

Other (specify):

_____
_____

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the
foregoing information contained in the Return of Service and Statement of Service Fees is true
and correct.

Executed on _____, 2022          _____
                   Date                                        Signature of Server

                                          _____
                                          Address of Server

<u>IMPORTANT</u>

A lawsuit has been filed against you.  You have twenty (20) calendar days after this summons is served upon you to file a written response to the attached Complaint in this Court. A phone call will not protect you.  Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.  If you do not file your response on time, you may lose the case, and you wages, money and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Diana Sobel, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

## <u>IMPORTANTE</u>

Usted ha sido demandado legalmente.  Tiene viente (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudeise perder el caso y podria ser despojado de sus ingresos y propiedades, o private de sus dereschos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea puede usted consultar a un abogado imediatamente.  Si no conoce a un abogado, puede llamar a una de las officinas de asistencia legal que aparecen en la guia telefoncia.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandante o Abogado de Demandante).

Si usted es una persona con discapacidad que necesita algún tipo de adaptación para participar en este procedimiento, tiene derecho, sin costo alguno, a la prestación de cierta asistencia. Comuníquese con la Coordinadora de ADA, Diana Sobel, Salón 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 al menos 7 días antes de su comparecencia programada ante el tribunal, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia programada es inferior a 7 días;  Si tiene problemas de audición o de voz, llame al 711.

**<u>IMPORTANT</u>**

Des poursuites judiciaries ont ele entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposser une response ecite a la plainte cijointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, ave mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si cous ne deposez pas votre reponse ecrite dans le relai requis, vous resiquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent tere saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il a d' autres obligations juridiques et vous pouvez requerir les services immediates d'un avocat.  Si vous ne connaissez pas d'avocats, vou pourriez telephoner a un service de reference d'avocats ou a un brueau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme tempos que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocate) nomme ci-dessous.

Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter la coordinatrice ADA, Diana Sobel, bureau 20140, 201 S.E. Sixth Street, Fort Lauderdale, Floride 33301, 954-831-7721 au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou malentendant, appelez le 711.