UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CV-23669-SEITZ

RADIATION SHIELD TECHNOLOGIES, INC.,
        Plaintiff,
v.

NATS, INC. and SYED MASWOOD;
        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before the Court on Defendants NATS, Inc. ("NATS") and Syed Maswood's Motion to Dismiss for Lack of Jurisdiction. DE 5. This litigation appears to be an offshoot from a soured business deal between Plaintiff, Radiation Shield Technologies, Inc., ("RST") and Defendants. Plaintiff's Complaint[1] alleges Defendants tortiously interfered with a contract and business relationship, and defamed it. DE 1-1. Defendants assert lack of personal jurisdiction, forum non conveniens,[2] and failure to state a claim as grounds for dismissal. DE 5. Because the Defendants are not engaged in substantial activity within Florida and Plaintiff has not pled any facts that the Defendants committed a tortious act *in* Florida, the Motion to Dismiss [DE 5] is granted.

### I. BACKGROUND

Plaintiff is a Delaware corporation which designs and produces personal protection systems. DE 1-1 at 1, 3. Defendant NATS is a Connecticut corporation with its principal place of business in Connecticut.[3] DE 1-1 at 2. Defendant Maswood, president of NATS, is

---

[1] Plaintiff originally filed this action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on October 10, 2022. Defendants timely removed this matter on November 8, 2022.
[2] Defendants, in the alternative, move the Court to transfer this action to the United States District Court of Connecticut.
[3] NATS operates as a broker between its foreign customers, such as the Saudi Arabian Civil Defense, and companies like RST. DE 6 at 2.

1

an individual who resides in Connecticut. *Id.* In November 2019, Plaintiff entered into a contract with Defendant NATS for the purchase of 1,500 hazmat suits. DE 1-1 at 3. In October 2020, Defendant NATS terminated the contract after the Plaintiff allegedly failed to perform and initiated suit against Plaintiff in Connecticut.[4] DE 1-1 at 3; DE 5 at 15 – 16. In March 2022, Plaintiff entered into a contract with Abdullah AlSuwayed, CEO of Alramly Trading Company, a distributor of military and medical supplies in Saudi Arabia, to provide 500 chemical, biological, radiological and nuclear ("CRBN") suits to the Ministry of Interior, Directorate of Saud Civil Defense. DE 1-1 at 4-6. On March 28, 2022, Defendant Maswood sent an email to Mr. AlSuwayed seeking information regarding "fraud allegations" against Plaintiff in the United States. DE 1-1 at 6. Following the email, Mr. AlSuwayed terminated the contract with Plaintiff. DE 1-1 at 8.

## II. ANALYSIS

### a. Legal Standard

When considering a motion to dismiss for lack of personal jurisdiction, the Court must first determine whether a plaintiff has established a prima facie case of personal jurisdiction. *Abramson v. Walt Disney Co.*, 132 F. App'x 273, 275 (11th Cir. 2005). The district court must accept the plaintiff's allegations as true, unless contradicted by defendant's affidavits. *Id.* If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. *Meier ex rel. Meier v. Sun International Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).

---

[4] Defendant NATS sued Plaintiff in the United States District Court of Connecticut on March 29, 2021 for breach of contract, fraud, piercing the corporate veil, and violations of Connecticut's Unfair Trade Practices Act arising out the contract for which Defendant NATS advanced $335,000 as the broker for the deal with the Saudi Arabian Civil Defense. DE 6 at 2; DE 6-5 at 2.

To determine whether it has personal jurisdiction, the Court must conduct a two-part inquiry. First, it must determine if jurisdiction exists under Florida's long arm statute, Fla. Stat., § 48.193. Second, the Court must determine whether exercising jurisdiction over the defendants comports with the Due Process Clause. *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). The Due Process analysis is also a two-part determination. The Court must determine whether the two defendants had sufficient minimum contacts with Florida and whether maintenance of the suit in Florida does not offend "traditional notions of fair play and substantial justice." *Id.* at 1284.

Under Florida's long-arm statute, a court may have general or specific jurisdiction. A court has general jurisdiction over a defendant if the person is "engaged in substantial and not isolated activity within [Florida]." Fla. Stat. § 48.193(2). "Substantial and not isolated activity" means "continuous and systematic general business contact" with Florida. *Woods v. Nova Companies Belize Ltd.*, 739 So. 2d 617, 620 (Fla. 4th DCA 1999) (citation omitted). Specific jurisdiction arises when a person commits a tortious act within Florida. Fla. Stat. § 48.193(1)(b). Specific jurisdiction only exists if the cause of action arises from the tortious act or the injury within the state. *Id.*

The Due Process Clause prohibits the exercise of personal jurisdiction over a nonresident defendant unless his contact with the state is such that he has "fair warning" that he may be subject to suit. *Licciardello*, 544 F.3d at 1284. This requirement is met if a defendant has "purposely directed" activities at residents of the forum and the litigation arises out of those activities. *Id.* Even if this requirement is met, a court must then determine if maintenance of the suit in the forum comports with traditional notions of fair play and substantial justice. *Id.* In making this determination, a court may consider several factors, including "the burden on the defendant of litigating in the forum, the

forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief and the judicial system's interest in resolving the dispute." *Id.*

### b. The Court does not have personal jurisdiction over Defendants

Plaintiff asserts that this Court has general jurisdiction over each Defendant because Defendants negotiated a contract with Plaintiff, a Florida-based company, in 2019. DE 1-1 at 3. However, this single transaction does not constitute continuous and systematic general business contact within Florida. Defendants do not conduct business, maintain offices, employ individuals, or operate in Florida. DE 6 at 1. Although a singular transaction between a foreign defendant and a Florida resident can result in a finding of general personal jurisdiction, Florida courts have typically found exercising personal jurisdiction appropriate principally where the singular transaction "could lead to additional economic activity" within Florida. *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 784 (11th Cir. 2014).

Here, Plaintiff does not plead any facts which suggest that Defendants' transaction with Plaintiff could or would lead to additional economic activity. Plaintiff does not allege that Defendants engaged in any activity in Florida in 2021 or 2022. In fact, Plaintiff admits that the business relationship between Defendants and Plaintiff, the very relationship that Plaintiff relies on to hail Defendants into Florida, terminated in October 2020. DE 1-1 at 3. Further, Plaintiff's reliance on the e-mail communications between Defendants and Plaintiff is misplaced. Communication to Florida or with a Florida resident is insufficient to find a foreign defendant is "conducting business" within the meaning of the long-arm statute. *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005). Thus, this Court does not have general jurisdiction over either Defendant.

Plaintiff does not allege any facts in its Complaint which suggest that this Court has specific jurisdiction over Defendants. In Plaintiff's Reply in Opposition to Defendants'

Motion to Dismiss, Plaintiff puzzlingly asks the Court to both ignore Defendants' exhibits attached to the Motion to Dismiss, while also relying on the very same exhibits to find specific jurisdiction over Defendants. DE 13 at 3. However, Plaintiff does not allege in its Complaint or even attempt to argue in its Reply that the Defendants committed a tortious act within Florida so as to subject them to specific jurisdiction. The exhibits Plaintiff references— the 2019 contract, the communications between Plaintiff and Defendants regarding that contract, an interview of Plaintiff's representative Ron DeMeo conducted by NBC South Florida,[5] and the Connecticut lawsuit— have no bearing on this Court's Florida specific jurisdiction analysis.

Ultimately, the Plaintiff has not alleged any facts which suggest the Defendants committed a tort in Florida. The tort of libel is generally held to occur wherever the offending material is circulated. *Keeon v. Hustler Magazine, Inc.* 465 U.S. 770, 777 (1984) (citing to Restatement (Second) of Torts § 577A. The Supreme Court of Florida has held that personal jurisdiction determinations are clear when it comes to e-mails because they are expressly directed to a specific recipient, and as such, the courts can easily determine whether such communications were made into Florida. *Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201, 1208 (Fla. 2010). Looking at the allegations in the light most favorable to the Plaintiff, it appears that the allegedly defamatory e-mail was sent from Connecticut to Saudi Arabia, and not to Florida. Plaintiff did not plead facts to lead this Court to conclude that the defamatory statements were circulated through or made into Florida. As such, Defendants did not commit a tortious act within Florida, and the Court cannot exercise specific jurisdiction.

---

[5] The Court is unaware of any legal precedent which holds a defendant's reference to a video clip from a local news station triggers the Court's exercise of personal jurisdiction, nor does the Plaintiff provide any.

5

### c. Exercising personal jurisdiction over Defendants would violate due process

Exercising personal jurisdiction would be inconsistent with due process. There is no evidence or facts pled that demonstrate that Defendants' actions were aimed at Florida. The e-mail which spurred this litigation was not sent to a Florida resident. Further, the failed 2019 business relationship between Plaintiff and Defendants ended over two years ago and this litigation does not stem from the failed business transaction. As such, Plaintiff cannot satisfy the due process requirement necessary to establish personal jurisdiction over Defendants.

Accordingly, it is hereby

ORDERED that

(1) Defendants', NATS, Inc. and Syed Maswood, Motion to Dismiss for Lack of Jurisdiction [DE 5] is GRANTED. This case is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction over the Defendants; and

(2) This case is CLOSED.

**DONE and ORDERED** at Miami, Florida, this 25th day of January 2023.

_Patricia A. Seitz_
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Cc: Counsel of Record